

The following constitutes the order of the Court.
Signed: December 20, 2018

_____
**Charles Novack
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br>SIMON S. CHAN,<br>Debtor. | Case No. 18-40217 CN<br>Chapter 7 |
| ANDREW KINGSDALE,<br>Plaintiff,<br>vs.<br>SIMON CHAN,<br>Defendant. | Adversary No. 18-4068<br>**ORDER ON PLAINTIFF'S DISCOVERY DISPUTE LETTER** |

The court conducted a hearing on plaintiff Andrew Kingsdale's ("Kingsdale") discovery dispute letter on December 7, 2018 and subsequently took defendant Simon Chan's ("Chan") objections based on the attorney-client privilege under submission. As stated in this court's December 10, 2018 order, the court's resolution of these disputes (except for those matters taken under submission) may be accessed by listening to the audio file arising from the December 7th hearing. This order addresses those disputes taken under submission.

In a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision. *See* Federal Rule of Evidence 501. Since Kingsdale bases his claims for relief on Bankruptcy Code §§523(a)(2) and 523(a)(6), federal common law controls. Id. The discovery requests at issue seek information related to Chan's attorney-client relationship with the

1

law firm of Watters & Guedenet (which replaced Kingsdale as counsel in certain Contra Costa Superior Court litigation).

Billing records may be subject to privilege to the extent such records disclose confidential communications. *In re Coyle,* 538 B.R. 753, 762 (Bankr. C.D. Ill. 2015), compare *In re Grand Jury Subpoena Served upon Doe,* 781 F.2d 238, 247 (2nd Cir. 1986)(absent special circumstances, client identity and fee information are not privileged). The Ninth Circuit has recognized that the identify of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege. *Clarke v. American Commerce Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992). However, correspondence, bills, ledgers, statements, and time records which reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law, fall within the privilege. Id.  The burden is on the party asserting the privilege to establish all elements of the privilege and to identify the specific communications and grounds supporting the privilege as to each piece of evidence. *In re Bautista,* 2007 Bankr. LEXIS 4170, *5 (Bankr. N.D. Cal. 2007)(Carlson, J.), citing *U.S. v. Martin,* 278 F.3d 988, 999-1000 (9th Cir. 2002).  Accordingly,

**IT IS HEREBY ORDERED** that Chan's objections to Kingsdale's Requests for Production Numbers 26, 27 and 36 are overruled.  These requests seek retainer agreements, invoices, and payment information, none of which are inherently privileged. Chan may, however, file a motion for a protective order under Federal Rule of Bankruptcy Procedure 7026(c) for each responsive document that contains privileged information. Any motion for a protective order shall be filed by **January 4, 2019** and set for hearing on **February 11, 2019 at 10:00 a.m**.  Chan's objections to Kingsdale's Requests for Production 28 and 29 are sustained since those requests are overbroad and seek documents that are protected by the attorney-client privilege.  Chan's objections to Interrogatories 15, 16 and 17 are overruled since those interrogatories seek payment information that falls outside of the attorney-client privilege.   Chan shall serve his responses to Interrogatories 15, 16 and 17 by **January 4, 2019**.

**\*\*\* END OF ORDER \*\*\***

**COURT SERVICE LIST**

Adversary No. 18-4068

Recipients are ECF participants.